**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

STEPHEN DENNIS ANDREWS,

Plaintiff,

v. Civil Action No. 3:06cv465

LINK-BELT CONSTRUCTION EQUIPMENT,

Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the Motion to Remand (Docket No. 5) filed by Stephen D. Andrews ("Andrews") under 28 U.S.C. § 1447 (2000). The defendant is Link-Belt Construction Co., a construction equipment manufacturer. For the reasons set forth below, the motion to remand is denied.

**STATEMENT OF FACTS**

Andrews alleges that he was injured by an off-road construction crane manufactured by defendant and operated by Thomas M. Shiflet on behalf of his employer, B.W. Homes Co., Inc. The crane purportedly contained a defective locking mechanism that caused part of the crane to fall from a truck and strike Andrews' vehicle. This accident allegedly resulted in extensive injuries, both to Andrews and his vehicle.

Andrews filed a state court negligence action in the Circuit Court of Chesterfield County, Virginia, against the crane operator and his employer on May 15, 2006. On June 6, 2006, just a few days before the statute of limitations for this action expired, Andrews filed a second case addressing the same facts, though this time naming Link-Belt as the sole defendant on a theory of products liability.

Link-Belt removed this case in accordance with 28 U.S.C. § 1446 (2000), on June 30, 2006. On July 6, Andrews filed a motion in state court to consolidate the separate cases he had filed. Because this case already had been removed, however, the state court was without jurisdiction to rule on such a motion. See 28 U.S.C. § 1446(d) (2000). After the 15-day period for joinder of parties had lapsed for this case,[1] Andrews then filed this Motion to Remand. Because Andrews has not alleged that removal was improper or that this court lacks subject-matter jurisdiction, the motion is denied.

[1] The scheduling order dated July 12, 2006 gave Andrews fifteen (15) days in which to file motions for joinder of additional parties or amend pleadings.

## DISCUSSION

### I. Motions For Remand

A federal district court may remand a case that has been removed from state court under 28 U.S.C. § 1447 (2000). The statute lists only a defect in removal procedure or a lack of subject matter jurisdiction as possible grounds for remand. See 28 U.S.C. § 1447(c) (2000); Jamison v. Wiley, 14 F.3d 222, 231 (4th Cir. 1994). Because Plaintiff failed to file his Motion for Remand within thirty days of the notice of removal, the Motion for Remand may be granted only if the Court lacks subject-matter jurisdiction. See 28 U.S.C. § 1447(c) (2000) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

The federal removal statute is to be given strict construction, see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), and the Fourth Circuit has recognized that courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). Even so, the defendant in this case has followed the proper procedure for removal and plaintiff has not alleged any improprieties in the removal process. The process for removal is relatively simple, and requires that a

defendant wishing to remove an action file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (2000). Notice of removal must be filed within thirty days after receipt of the initial pleading. See id. § 1446(b). Defendant has met both requirements for proper removal.

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a) (2000). Additionally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Id. § 1441(a). Andrews has requested judgment in the amount of $10,000,000.00, and he is a citizen of Virginia. Defendant is a limited partnership organized under the laws of Delaware and has its principal place of business in Lexington, Kentucky. Sufficient grounds for diversity subject-matter jurisdiction thus exist, and Andrews has not alleged a lack of diversity jurisdiction in the present motion.

**II. Abstention**

Instead of requesting remand under the appropriate statute, Andrews instead asks the Court to decline to exercise its jurisdiction based on principles of abstention. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Even if abstention was warranted in this case, remand is not a remedy that is available based on abstention principles alone. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996) ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 355 (1988)("[A] district court may not remand a case to a state court on a ground not specified in the removal statute.").

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," Colorado River, 424 U.S. at 817, and therefore, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Id. at 813. As the Fourth Circuit explained in Gannett Co., Inc. v. Clark Const. Group, Inc., 286 F.3d 737 (4th Cir. 2002):

> For a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied. As a threshold requirement, there must be parallel proceedings in state and federal court. Second, "exceptional

> circumstances" warranting abstention must exist. Without establishing a rigid test, the Supreme Court has recognized several factors that are relevant in determining whether a particular case presents such exceptional circumstances: (1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights.

Id. at 741 (internal citations omitted).

Parallel proceedings exist if "substantially the same parties litigate substantially the same issues in different forums." New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America, 946 F.2d 1072, 1073 (4th Cir. 1991). Plaintiff's state court proceeding names B.W. Homes, Co., Inc. and Thomas Mack Shiflet as defendants. While it contains substantially the same factual allegations and exactly the same request for remedy as the case filed against Link-Belt, the two cases present quite different claims. The state court case is based on a theory of negligence while this case primarily concerns a products liability claim. Though the two cases concern the same incident, they feature different parties and different claims, and thus are not parallel proceedings.

Because abstention would not be appropriate based on the first facet of the Colorado River doctrine, there is no need to discuss

the second prong, which involves a "balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983).

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand (Docket No. 5) is denied.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

/s/
Robert E. Payne
United States District Judge

Richmond, Virginia
Date: August 31, 2006